OPINION
{¶ 1} Appellant Shannon E. Mitchell appeals the judgment of the Licking County Common Pleas Court, Probate Division, which dismissed her petitions to adopt her three step-children ages 13, 10, and 9. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN FINDING THAT THE MOTHER'S CONSENT TO ADOPTION HEREIN WAS NECESSARY; THE TRIAL COURT'S JUDGMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} The operative facts of this case are not at issue. The record indicates Jamie Mitchell is appellant's husband and the natural father of the children. He and appellee Carla Walz, the children's natural mother, were divorced in March of 2000. Appellee was designated the residential parent with the father receiving visitation. At some point, the parties entered into an agreed judgment wherein Jamie Mitchell became the designated residential parent. The agreed judgment entry provided appellee would pay no child support for the children, and the trial court specifically found this to be in the best interest of the children.
 {¶ 4} In September of 2002, appellee stabbed one of the children. She was charged with attempted murder, felonious assault, and domestic violence, but was found not guilty by reason of insanity. Appellee was committed to Twin Valley Behavioral Health Care, where she still resided at the time of the hearing.
 {¶ 5} On April 3, 2003, the domestic relations division of the common pleas court issued a civil protection order prohibiting appellee from having any contact or communication with her children. At the time of the hearing, the order was still in effect, with some modifications discussed infra, paragraph 8.
 {¶ 6} R.C. 3107.07 provides the consent of a parent of a minor is not required if the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
 {¶ 7} The trial court found the parties had agreed appellee would not pay child support. The court further found appellee was involuntarily hospitalized for mental illness and has no assets or ability to financially support her children. The court found from July 30, 2003 through July 30, 2004 appellee earned approximately $450 at Twin Valley Behavioral Health Care, which she spent on living expenses. The court found she did not have the ability to work at any gainful employment either inside or outside the institution where she has been involuntarily placed.
 {¶ 8} The trial court further found appellee had not had any communication with any of the children for at least one year prior to the filing of the petition. The trial court found the civil protection order had been in effect since April 3, 2003. The domestic relations court had recently reviewed and rejected appellee's request to dismiss the civil protection order and permit appellee to communicate with the children. The domestic relations court did permit appellee to initiate contact with the children in writing through the children's counselor. The court ordered the counselor to review any correspondence from appellee to decide if it should be forwarded to the child or children, after determining whether or not the children were emotionally prepared to receive the communication. This change in the civil protection order came after the filing of the petitions to adopt the children.
 {¶ 9} The trial court found based upon the facts and circumstances of this case the appellee's failure to have any communication with the children or to provide support for the children was justifiable. Appellee was prohibited by court order from having any communication with her children. She was and is at all times a mentally ill person subject to involuntary hospitalization and cannot provide support.
 {¶ 10} The trial court found the provisions of R.C. 3107.07 must be strictly construed so as to protect the rights of the natural parent because adoption completely severs the parent-child relationship, see Inre: Adoption of Sunderhaus, (1992) 63 Ohio St.3d 127. The court found the rationale behind R.C. 3107.07 is to permit adoptions in cases where the non-consenting parent has abandoned and lost interest in the children, Inthe Matter of the Adoption of Tiffany Ann Jarvis, (December 11, 1996) Summit App. No. 17761. The court found here appellee has not abandoned or lost interest in the children.
 {¶ 11} The trial court noted the situation is tragic, and it may well be the three children's interests would be best served by adoption. However, the court found it had no alternative but to dismiss the three petitions for adoption.
 {¶ 12} Appellant cites us to our recent case of In the Matter of theAdoption of Kevin and Samuel Corl, Licking App. No. 2004-CA-96, wherein this court found the father's conduct necessitated the entry of a civil protection order. We concluded the civil protection order was not a justification for failure to communicate with the children.
 {¶ 13} Appellant also cites us to Frymier v. Crampton (July 8, 2002), Licking App. No. 02-CA-08. In Frymier, this court reviewed a situation where the parent was incarcerated. During his incarceration, the parent secured an income-producing prison job but used none of the funds to support the child. We concluded there was no justification for the failure to communicate or provide support, because the situation was caused by the parent's intentional criminal acts.
 {¶ 14} We find the cases cited by appellant are clearly distinguishable from the case at bar. Here, appellee was found not guilty of any criminal offense against the children, and was not responsible for her actions.
 {¶ 15} We find the trial court's judgment is supported by the record. We further find the court did not abuse its discretion or err as a matter of law in applying Ohio law to the facts of the case. Under these facts and circumstances, we find the trial court was correct in holding appellee's failure to support or communicate with the children was justified, and her consent was necessary before appellant could adopt the step-children.
 {¶ 16} The assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, of Licking County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Licking County, Ohio, is affirmed. Costs to appellant.